IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GERALDINE SIZEMORE,                          )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )          No. 05 C 4028
                                             )
JOHN POTTER, POSTMASTER GENERAL,             )
                                             )
            Defendant.                       )

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

For the reasons stated below, the court grants Defendant's Motion for Summary

Judgment (Dkt. No. 27) and enters judgment in favor of Defendant on the remaining claim of

disability discrimination (Count 1). Plaintiff's disability discrimination claim is dismissed with

prejudice, and the case is terminated in its entirety.

PROCEDURAL BACKGROUND

Plaintiff Geraldine Sizemore ("Sizemore") began working for the United States Postal

Service ("USPS" or "the Postal Service") in 1966. In December of 1998, Sizemore injured her

knee on the job when she tore her left meniscus. After pursuing a series of administrative

actions through the Postal Service's office of Equal Employment Opportunity ("EEO") and the

Equal Employment Opportunity Commission ("EEOC"), in addition to a failed settlement

agreement, Sizemore filed her Complaint in July of 2005. Sizemore originally alleged disability

discrimination, retaliation, and breach of contract claims against John Potter, Postmaster General

of the USPS ("Defendant"). Sizemore has voluntarily dismissed her retaliation and breach of

contract claims (*see* Dkt. No. 18) and now limits her contentions to allegations that postal

officials discriminated against her on the basis of a physical injury to her left knee, in violation

of the Rehabilitation Act of 1973 ("Rehabilitation Act"), and the Americans with Disabilities Act

of 1990 ("ADA").

SUMMARY JUDGMENT STANDARD AND LOCAL RULES

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In its analysis, the court

must view all evidence in the light most favorable to the non-moving party and resolve all

inferences in favor of the non-moving party. *Abdullahi v. City of Madison*, 423 F.3d 763, 773

(7th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). It is not for

the court to make credibility determinations or to weigh conflicting evidence. *Id.* However, the

party who bears the burden of proof on a particular issue may not rest on the pleadings, but must

affirmatively demonstrate that there is a genuine issue of material fact that requires trial.

*Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005).

In order to assist the court in its summary judgment determination, Local Rule 56.1

requires the moving party to file "a statement of material facts as to which the moving party

contends there is no genuine issue and that entitle the moving party to judgment as a matter of

law." N.D. Ill. R. 56.1(a)(3); *Smith v. Lamz*, 321 F.3d 680, 682 (7th Cir. 2003). In return, the

non-moving party is required to file "a response to each numbered paragraph in the moving

party's statement, including, in the case of any disagreement, specific references to the

affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. R.

56.1(b)(3)(B). The non-moving party is also required to submit any additional facts which

would require denial of the summary judgment motion. N.D. Ill. R. 56.1(b)(3)(C). Failure of a

non-movant to properly respond may result in the court deeming admitted the uncontroverted

statements set forth in the movant's 56.1(a)(3) submission. N.D. Ill. R. 56.1(b)(3)(C); *Raymond

v. Ameritech Corp*, 442 F.3d 600, 608 (7th Cir. 2006) (citation omitted).

In his Reply in Support of Summary Judgment, Defendant notes that Sizemore's

responsive filings violate various provisions of Local Rule 56.1, and Defendant asks the court to

strike or ignore Sizemore's improper factual assertions. (Dkt. No. 40 at 1-2). The court agrees

that Sizemore failed to provide proper evidentiary support for a number of her responses to

Defendant's Rule 56.1(a) Statement of Material Facts ("SMF" Dkt. No. 29), in violation of

56.1(b)(3)(B), and that Sizemore asserts additional facts in her Rule 56.1(b) Response to

Defendant's Statement of Material Facts ("SMF Resp." Dkt. No. 36) and in her Memorandum in

Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 37) that should have been

set forth in a 56.1(b)(3)(C) statement. The court also notes with disapproval that Sizemore failed

to procure court approval before filing her 23-page memorandum, in violation of Local Rule 7.1.

However, because these violations do not affect the analysis that follows, the court finds no

prejudice to Defendant and denies Defendant's request to strike.

ELEMENTS OF PRIMA FACIE DISABILITY DISCRIMINATION CLAIM

Sizemore has alleged violations of both the ADA and the Rehabilitation Act. As a

federal employee, however, Section 501 of the Rehabilitation Act is the governing statute for

Sizemore's disability claim. *See Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005). In order

to prevail on her discrimination claim, Sizemore must demonstrate: "(1) that she suffers from a

disability as defined in the statutes; (2) that she is qualified to perform the essential functions of

the job in question, with or without reasonable accommodation; and (3) that she has suffered an

adverse employment action as a result of her disability."  *Scheerer v. Potter*, 443 F.3d 916, 918

(7th Cir. 2006).  In determining whether a plaintiff has met his or her *prima facie* burden under

the Rehabilitation Act, courts refer to ADA case law, provisions, and standards.  29 U.S.C. §

794(d); *see also Scheerer*, 443 F.3d at 919; *Jackson v. City of Chicago*, 414 F.3d 806, 810-11

(7th Cir. 2005).

DISABILITY

Defendant first argues that the undisputed evidence in this case demonstrates that

Sizemore does not qualify as "disabled" under the terms of the Rehabilitation Act.  (Dkt. No. 28

at 8-10).  "The Rehabilitation Act defines an individual with a disability as 'any person who (i)

has a mental or physical impairment which substantially limits one or more of such person's

major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an

impairment.'" *Branham v. Snow*, 392 F.3d 896, 902 (7th Cir. 2004) (quoting 29 U.S.C. §

705(20)(B)).

As a preliminary matter, the court addresses the physical or mental impairment at issue in

this case.  Sizemore alleges in her Complaint that she injured her knee in December of 1998, and

that "subsequent to said injury, the postal officials started discriminating against [her] and

treating her differently than they treated her prior to her injury."  (Compl. ¶¶ 11-12).  Sizemore

further alleges that Defendant denied and ignored her doctor's recommendation that she "be

given work that to [sic] allow her to stay off of her feet" and, "with reasonable accommodations,

such as not standing on her feet continuously," she could have performed the essential functions

of her job.  (Compl. ¶¶ 12(a), 15).  Although Sizemore alleges that the discrimination "caused

her to suffer mental and psychological injuries," (Compl. ¶ 12(h)), the Complaint includes no

claim that Sizemore was discriminated against for any physical or mental impairment other than

the injury to her left knee.  Any argument regarding Defendant's alleged failure to accommodate any other physical or mental impairment is therefore outside the scope of the Complaint and will not be entertained by the court.

On the question of whether Sizemore is an individual with a disability, Defendant argues that Sizemore's physical impairment (her "disabling knee condition") did not substantially limit any of her major life activities, thus Sizemore does not qualify as an individual with a disability under the Rehabilitation Act.  (Dkt. No. 28 at 8-10).  In response, Sizemore argues that (1) "the injury to Ms. Sizemore's left knee substantially limits her ability to perform the major life activity of work;" and (2) in the alternative, the USPS regarded her as having such an impairment.  (Dkt. No. 37 at 12, 15).  In support of the latter argument, Sizemore points to the September 15, 2000 EEO affidavit of her supervisor, Richard Stryker, which states, "Yes, I am familiar with the Rehabilitation Act and I consider the Complainant to be a disabled individual under the Act."  (Dkt. No. 37, Ex. 9A).[1]

Defendant argues that Stryker's deposition testimony on July 10, 2006 clarifies his affidavit statement, with Stryker explaining that "he is not familiar with the legal definition of 'disabled,' but understands in layman's terms who is limited in her duties."  (Dkt. No. 40 at 8).  Defendant argues that the fact that Stryker believed Sizemore was in need of a limited duty position "is not enough to show that the Postal Service regarded her as disabled."  (Dkt. No. 40 at 8-9).

---

[1] Although Sizemore does not include the affidavit citation in her 56.1(b) Response to Defendant's Statement of Material Facts, nor does she include it in any statement of additional material facts, Defendant nevertheless responded to this allegation with his own citations to the evidentiary record.  The court, in its discretion, finds Defendant has not been materially prejudiced by Sizemore's improperly-asserted citation to the record, and proceeds with its analysis on the question of whether Defendant perceived Sizemore to be disabled under the terms of the Rehabilitation Act.

The court finds there is a disputed question of material fact regarding whether Defendant

perceived Sizemore to be disabled under the terms of the Rehabilitation Act.  Weighing

Stryker's affidavit testimony against his later, and seemingly contradictory, deposition testimony

quickly becomes a question of interpretation and credibility.  This type of analysis is reserved for

the finder of fact and should not be engaged in by the court on a motion for summary judgment.

*See Abdullahi*, 423 F.3d at 773 (citing *Anderson*, 477 U.S. at 255).  In viewing the evidence in

the light most favorable to Sizemore, the court finds that a reasonable jury could conclude that

Defendant regarded Sizemore as disabled under the terms of the Rehabilitation Act.  Summary

judgement is therefore inappropriate on the question of whether Sizemore is disabled under the

terms of the Rehabilitation Act.

## QUALIFIED TO PERFORM ESSENTIAL JOB FUNCTIONS

Defendant next argues that, even if Sizemore is considered disabled under the terms of

the Rehabilitation Act, she has not produced evidence that she was qualified to perform the

essential functions of her supervisory position with or without reasonable accommodation, as

required to support her claim.  (Dkt. No. 28 at 10-11).

The only evidence provided by Defendant in support of this argument is a citation to a

1992 job description of the USPS Customer Services Supervisor position.[2]  (Dkt. No. 28 at 11)

(citing Ex. 12).  It is well established that a written job description is an appropriate form of

evidence used to establish the essential functions of a position.  *See, e.g., Jackson*, 414 F.3d at

811 (citing 42 U.S.C. § 12111(8)).  However, Defendant does not specify which of the duties

listed are the essential job functions that Sizemore allegedly has failed to prove she was able to

---

[2] The job description is cited by Defendant in support of the statement, "Sizemore herself
testified that she could not perform the essential function of that position because of the walking
involved."  The court is wholly unpersuaded that the job description supports this assertion.

perform.  Although both parties agree that Sizemore was restricted to no more than three hours

of standing, two hours of sitting, and three hours of walking for each shift, (SMF ¶ 12; SMF

Resp. ¶ 12), it is not apparent on the face of the job description that any of the duties and

responsibilities listed therein specifically require standing, sitting, or walking.

Turning to Defendant's Rule 56.1(a) Statement of Material Facts, the court finds some

indication that Defendant considers auditing to be one of the essential functions of the position

that Sizemore could not perform.  (SMF ¶ 15 "[Sizemore] no longer conducted audits due to her

walking restrictions").  However, Defendant also asserts that Sizemore "was provided a

temporary supervisor to perform tasks outside her medical restrictions," which appears to be

some evidence of a reasonable accommodation that would have allowed Sizemore to perform the

essential functions of her position.  (SMF ¶ 14).

On the other hand, Sizemore "disagrees that she was provided a temporary supervisor to

perform tasks outside of her medical restrictions," arguing instead that "[her] supervisory

responsibilities were given to someone else."  (SMF Resp. ¶ 14).  Sizemore also "agrees that she

no longer audited, but disagrees that her walking restrictions were related."  (SMF Resp. ¶ 15)

(no citation provided).  Sizemore's argument appears to be that the "reasonable accommodation"

offered to her by Defendant in the form of a limited-duty position actually stripped away the

essential functions of her position, rather than assisting her in performing them.  (*See* Mem. at 6-

7).  This argument does not directly address the question of whether Sizemore could have

performed the essential functions of her position with (or without) a reasonable accommodation.

Sizemore agrees that she provided Defendant with medical documentation that she was

"unable to work."  (SMF Resp. ¶ 11).  Thus, it appears that there were at least some supervisory

duties that Sizemore could no longer perform without accommodation.  However, Sizemore does

not specify what these duties were, whether they were essential, or what type of accommodation would have assisted her in performing these duties. Apart from introductory statements arguing that she was entitled to general "adjustments to her standing, walking and sitting," (Dkt. No. 37 at 3), Sizemore largely neglects this prong of her claim altogether, instead focusing on the question of whether she was disabled and whether the accommodation offered to her was reasonable.

Sizemore does argue that "one well-recognized type of 'reasonable accommodation' required under the [American's with Disabilities] Act is the assignment of an employee to available light-duty work." (Dkt. No. 37 at 18). Again, Sizemore does not specifically articulate how such an assignment would enable her to perform the essential functions of her supervisory position. Presumably, a light-duty assignment would have granted Sizemore the time she needed to heal so that she would then be able to fully perform in her supervisory position at a later time. (*See* Dkt. No. 37 at 11) (noting that Sizemore has been able to control her symptoms "through limiting the amount of time she is standing, walking, sitting and, at times, medication"). Although Sizemore suggests that a light-duty assignment would have been a reasonable accommodation for her disability, at the same time she contends that the specific light-duty assignment offered to her by Defendant was *not* reasonable because it stripped her of her supervisory duties and positioned her in the lobby of the building. (Dkt. No. 37 at 17-18). Therefore, Sizemore appears to argue that the reasonable accommodation appropriate to her condition would have been a light-duty assignment that was located inside the main post office and in which she could have retained a majority of her supervisory duties.

In a failure-to-accommodate claim, "it is the plaintiff's burden to show that a vacant position exists for which he was qualified." *Ozlowski v. Henderson*, 237 F.3d 837, 840 (7th Cir.

2001). Furthermore, "an employer is not required to 'bump' other employees to create a vacancy so as to be able to reassign the disabled employee . . . [n]or is an employer obligated to create a 'new' position for the disabled employee." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 499 (7th Cir. 1996) (citations omitted). In this case, Sizemore provides no evidence that there was an available light-duty position that would have accommodated her disability. Sizemore cites to her own deposition testimony and answers to interrogatories as evidence that postal workers Barbara Wright and Patricia Martin had been afforded light-duty positions performing clerical work inside the post office after they were injured. (Dkt. No. 37 at 19). However, Sizemore produces no evidence to demonstrate that a vacant light-duty position (other than the one she was offered) was available at the time that she requested an accommodation. *See Weiler v. Household Fin. Corp.*, 101 F.3d 519, 523 (7th Cir.1996) ("[w]hether the plaintiff meets the 'qualified individual with a disability' definition is determined as of the time of the employment decision."). Additionally, Sizemore produces no evidence of any other accommodation that would have effectively addressed her physical restrictions.

Sizemore acknowledges that, in order to prevail on her discrimination claim, she must prove that she was able to perform the essential functions of the job, with or without reasonable accommodation. (Dkt. No. 37 at 10). Sizemore admits that she was unable to perform at least some aspects of her supervisory position without accommodation. (*See* SMF Resp. ¶ 11) ("Plaintiff agrees that she did provide medical documentation from Dr. Stein that she was unable to work."). The burden thus falls on Sizemore to prove that either 1) these duties were not essential to her supervisory position, or 2) she could have performed these duties if she had been provided with a reasonable accommodation. Sizemore never identifies which duties and responsibilities were affected by her physical restrictions. Although Sizemore asserts that a

light-duty assignment would have been a reasonable accommodation, she has not produced any evidence that such an accommodation was available; Sizemore contends that the light-duty position offered to her by Defendant was not a reasonable accommodation. The court therefore concludes that Sizemore has failed to establish that there is any factual basis (disputed or otherwise) demonstrating Sizemore was able to perform the essential functions of her position with or without reasonable accommodations. Sizemore's failure to present any factual support for her position on this point is dispositive of Sizemore's claim. Therefore, the court need not proceed any further in its analysis.

CONCLUSION

Because Sizemore has failed to carry her burden of demonstrating that there is a factual dispute regarding whether she is a qualified individual with a disability, *i.e.* whether she was able to perform the essential functions of her position with or without reasonable accommodation, the court finds as a matter of law that Sizemore cannot prevail on her Rehabilitation Act claim. The court thus grants summary judgment in favor of Defendant. Sizemore's claim is dismissed with prejudice and the case is terminated.

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: January 16, 2007